**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rex Caldwell, et al., | No. CV-19-05025-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Specialized Loan Servicing LLC, et al., | |
| Defendants. | |

In April 2019, Plaintiffs Rex and Pamela Caldwell filed a complaint in the Maricopa County Superior Court against Defendants Specialized Loan Servicing, LLC and U.S. Bank. (Doc. 1-3 at 12-15.) In a nutshell, the complaint seeks a declaration that Plaintiffs own their home "free and clear of any estate, title, lien or other interest . . . . by Defendants" and an injunction preventing Defendants from seeking to assert such a claim. (*Id.* at 14.)

On July 26, 2019, Plaintiffs served the complaint, and other documents, on Defendants. (Doc. 1 ¶ 2.)

On August 23, 2019, Defendants timely removed the action to federal court. (Doc. 1.)

On August 30, 2019, Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 8.) The motion argues that "Plaintiffs have no basis for the relief they seek, as their 2015 bankruptcy did not discharge Defendants' lien on their property and the applicable statutes of limitations on which they rely have not expired. Accordingly, this matter should be dismissed in its entirety." (*Id.* at 2.) The

motion was also accompanied by a certificate of conferral in which Defendants' counsel avowed that he "communicated with counsel for Plaintiffs by e-mail on August 29, 2019 . . . to determine whether an amendment could cure Plaintiffs' Complaint and the parties have been unable to agree that the pleading is curable by a permissible amendment." (*Id.* at 8-9.)

Under this Court's local rules, Plaintiffs' response to the motion to dismiss was due within 14 days of when the motion was filed—that is, by September 13, 2019. *See* LRCiv 7.2(c). However, no response has been filed.[1]

Given Plaintiffs' failure to response to the motion to dismiss, the Court will dismiss this action. First, this outcome is authorized by LRCiv 7.2(i), which provides that a party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."

Second, this outcome is further supported by the Court's inherent authority to order dismissal based on a litigant's failure to adhere to and follow the Court's rules—here, LRCiv 7.2(c). *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

"Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53. "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Dismissal is proper where

---

[1] Additionally, it appears Plaintiffs are pursuing a different but related lawsuit against Defendants, which lawsuit is pending before a different judge, and that Plaintiffs haven't responded to pending motions in that case, either. *See Caldwell v. Specialized Loan Servicing, LLC, et al.*, No. 2:19-cv-3025-PHX-SMB, Doc. 21 (Defendants' motion for status conference, filed August 15, 2019; no response filed); Doc. 22 (Defendants' motion for transfer related case, filed August 27, 2019; no response filed).

"at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life*, 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990.

Regarding the second factor, Plaintiffs' failure to respond to the motion to dismiss, and to the pending motions in the related case, has caused needless consumption of court resources. *Wystrach*, 267 F. App'x at 608; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding this factor weighed in favor of dismissal where plaintiff's noncompliance "consumed some of the court's time that could have been devoted to other cases on the docket"). Plaintiffs did not request an extension and have offered no explanation for their failure to respond. The Court finds that these two factors strongly support dismissal.

The third factor, risk of prejudice to Defendants, also supports dismissal. Plaintiffs' response to the motion to dismiss was due on September 13, 2019, so this case has been delayed by Plaintiffs' failure to respond. The delay risks prejudice to Defendants. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade.").

The fourth factor weighs against summary dismissal. "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach*, 267 F. App'x at 608.

The fifth factor requires the Court to consider whether less drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply. *Conn. Gen. Life*, 482

F.3d at 1096. Here, a local rule expressly permits the Court to "dispose of the motion summarily" when a party fails to "file the required answering memoranda" to a motion. LRCiv 7.2(i). It is within the Court's discretion to dismiss the action summarily at this juncture. *Parker*, 2010 WL 1640963, *2; *see also United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The Court has considered whether less drastic sanctions could be appropriate in this case. Available alternatives include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition." *Wystrach*, 267 F. App'x at 608. Indeed, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). Nevertheless, in these circumstances, where Plaintiffs failed to respond to the motion to dismiss, failed to respond to pending motions in related cases, and have done nothing to prosecute the case since it was removed, the Court finds that the fifth factor does not weigh against summary dismissal. "[T]he availability of less drastic sanctions does not necessitate that those lesser sanctions be employed in the instant matter." *Parker*, 2010 WL 1640963, *2. The Court will therefore grant summary dismissal. The dismissal will be without prejudice, which is the only less drastic sanction appropriate here. *See, e.g., Fader v. City of Phoenix*, 2013 WL 5446676, *2–3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the only acceptable less drastic sanction in this case.").

Accordingly, **IT IS ORDERED** that Defendants' motion to dismiss (Doc. 8) is **granted**. The Clerk of Court shall enter judgment accordingly and dismiss this case without prejudice.

Dated this 27th day of September, 2019.

Dominic W. Lanza
United States District Judge